[Crim. No. 2787. Third Dist. Oct. 31, 1957.]

THE PEOPLE, Respondent, v. RAY CARDINAL et al., Appellants.

Leo M. Cook for Appellants.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

WARNE, J. pro tem.*—The appellants were charged with grand theft and convicted of petty theft by a jury. They appeal from an order denying a new trial and the judgment.

Appellants, who were partners in a salvage business, admitted that they dismantled and sold as scrap a loading shovel which they were charged with stealing. They testified that they had purchased the shovel from a stranger who purported to be the owner thereof, and there was introduced into evidence a receipt bearing the signature of "W. H. Berry." However, Mr. Berry was not produced as a witness. All of the evidence shows that the shovel was of a value exceeding two hundred dollars.

Appellants, as ground for reversal, contend that the district attorney was guilty of prejudicial misconduct.

Appellant Gomez testified he is a Spaniard and used the name "Marino" in business to give the impression he was an Italian since "Gomez" sounds like a Mexican name. Over objection, the district attorney elicited his admission that he had told a deputy sheriff that he had used the name when he registered at a motel with a "girl friend" as he was a married man. Appellants assigned as error the injection into the case of evidence of appellant Gomez' extramarital affairs. Appellants also charged prejudicial misconduct upon the part of the district attorney in asking appellant Cardinal, "Did you have any women living with you."

Appellants argue that the lack of evidence that the property which they were charged with stealing was of a value less than two hundred dollars "strongly indicates a 'compromise verdict,' that the jury being in serious doubt as to the commission of grand theft by the defendants and yet prejudiced by the District Attorney's misconduct, decided that two such sexually immoral men should not go off scot-free and thus returned a verdict of petty theft."

█ Gomez was only asked on direct examination, "Have you used the name Marino in your business for sometime?" We feel that the district attorney went far outside the scope of permissible cross-examination in bringing out the fact that Gomez also used the name Marino for an extramarital purpose. What Gomez did in this respect was foreign to the case at issue and certainly cannot be justified as impeachment. █ As stated in *People* v. *Burness*, 53 Cal.App.2d 214, 220-221 [127 P.2d 623]: "A witness may not be im-

*Assigned by Chairman of Judicial Council.

peached on an immaterial or collateral matter. . . . It is not competent for the prosecutor to introduce irrelevant evidence falling short of crime and designed merely to degrade and prejudice the defendant in the minds of the jury. . . .'' Here the extramarital affair of Gomez, being unrelated to the crime charged, obviously could not do otherwise than tend to degrade him and, consequently, prejudice the minds of the jury against him. Furthermore, in view of this occurrence, the district attorney by asking Cardinal if he had ''any women'' living with him (although the question was not permitted to be answered) may well have, by innuendo, caused the jury to believe that Cardinal, like Gomez, was guilty of carrying on an extramarital affair, since they were both living at the same place and involved in the same crime.

We conclude that this misconduct on the part of the district attorney was so prejudicial as to preclude appellants from having a fair trial. They are, therefore, entitled to a new trial.

Since the judgment must be reversed for the reasons above stated no other points require discussion.

The order denying a new trial and the judgment are reversed.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 22, 1957, and respondent's petition for a hearing by the Supreme Court was denied December 23, 1957. Spence, J., was of the opinion that the petition should be granted.